*Electronically Filed - Jackson - Kansas City - July 30, 2018 - 09:15 PM*

## IN THE 16ᵀᴴ JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY

| | |
|---|---|
| **MCKENZI TAYLOR, individually and on behalf of all others similarly situated,** | |
| *Plaintiff*, | Case No.: |
| **vs.** | |
| **KC VIN, LLC**<br>**d/b/a PIZZA BAR**<br><u>**Serve at Registered Agent**</u>:<br>　　**CSC-Lawyers Incorporating Service**<br>　　**Company**<br>　　**221 Bolivar Street**<br>　　**Jefferson City, MO 65101** | Division:<br><br>**JURY TRIAL DEMANDED** |
| *Defendant*. | |

## CLASS ACTION PETITION FOR DAMAGES {X1}

Plaintiff McKenzi Taylor, individually and on behalf of all others similarly situated, brings this action against Defendants KC VIN, LLC d/b/a Pizza Bar ("Pizza Bar") to secure redress for Pizza Bar's practice of sending text messages to cellular telephone numbers in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff, for her class action Petition, alleges as follows based upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by counsel:

### Parties, Jurisdiction, and Venue

1.　　At all times relevant hereto, Plaintiff Taylor has been a resident of Jackson County, Missouri.

2.　　Defendant Pizza Bar is foreign limited-liability company registered to conduct business in Missouri, with a business location of 1320 Grand Blvd., Kansas City, MO 64106.

**EXHIBIT A**

3.      Defendant Pizza Bar can be served through its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

4.      Pursuant to RSMo § 506.500, jurisdiction is proper in this Court because Defendants have transacted business in Jackson County, Missouri and/or because the tortious acts complained of in this Petition occurred in Jackson County, Missouri.

5.      Pursuant to RSMo § 508.010, venue is proper in this Court because the tortious acts complained of herein arose and took place within Jackson County, Missouri, the transactions at issue or some part of the transactions took place within Jackson County, Missouri, and/or Plaintiff was first injured in Jackson County, Missouri.

6.      Further, jurisdiction and venue are proper pursuant to 47 U.S.C. § 227(b)(3), which grants state courts jurisdiction over actions alleging violations of 47 U.S.C § 227.  On information and belief, Pizza Bar has sent the same or similar text messages complained of by Plaintiff to others within this judicial district, such that a substantial portion of the events giving rise to this cause of action occurred here.

7.      In addition, Pizza Bar also transacts significant amounts of business within this district, solicits customers here, directs telephone calls and text messages here – including to the cellular telephone numbers of Plaintiff and others with area codes specific to Jackson County, Missouri,[1] and enters into consumer and business contracts here, thereby subjecting it to the jurisdiction of this Court.

---

[1]      *See Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 643 (N.D. Ill. 2017) (placing a call to a phone number with an Illinois-affiliated area code constitutes "purposeful direction" warranting the Court's exercise of jurisdiction) (*citing Keim v. ADF Midatlantic*, 199 F. Supp. 3d 1362, 1370 (S.D. Fl. 2016) (collecting cases)).

## NATURE OF THE ACTION

8.  Pizza Bar is a drinking establishment.

9.  Between July 30, 2014 and April 4, 2018, in order to advertise and market its products and services, to increase revenue, to expand its customer base, and to pursue other marketing objections, Pizza Bar caused advertising and/or telemarketing text messages to be sent to the cellular telephones of Plaintiff and the putative class members in violation of the TCPA.

10. Specifically, Pizza Bar (either directly or through a third-party telemarketer) sent unsolicited text messages to the cellular telephones of Plaintiff and the putative class members promoting specials and events at the Pizza Bar and encouraging Plaintiff and the putative class members to visit Pizza Bar with their friends or associates.

11. By sending the text messages at issue in this Petition, Pizza Bar has caused Plaintiff and the putative class members (as defined herein) actual harm.

12. On information and belief, Pizza Bar routinely sends these text messages despite the fact that Plaintiff and the putative class members:

    (a)   never provided prior express consent in writing, or otherwise, for Pizza Bar to send advertising or telemarketing text messages to their cellular telephone numbers; and/or

    (b)   never provided prior express consent in writing, or otherwise, for Pizza Bar to send text messages to their cellular telephone numbers using an automatic telephone dialing system (as defined by the TCPA).

13. Pizza Bar also sent such advertising and/or telemarketing text messages to Plaintiff and other putative class members even though it failed to establish written policies and procedures to ensure compliance with the national and/or internal do-not-call rules and regulations, and train

3

its staff in compliance with such policies and procedures.

14.     Plaintiff, on her own behalf and on behalf of all others similarly situated, brings the instant lawsuit seeking an injunction requiring Pizza Bar to cease all unsolicited text message activities and for an award of statutory damages to Plaintiff and members of the putative class under the TCPA.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### 47 U.S.C. § 227, *et seq.*

15.     Advancements in telephone dialing technology since the 1980s and 90s have made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money.

16.     Senator Hollings, sponsor of the TCPA, described such marketing practices as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1990).

17.     The FCC recently noted, "every month, U.S. consumers are bombarded by an estimated 2.4 billion robocalls." *In the Matter of Advanced Methods to Target and Eliminate Unlawful Robocalls*, Notice of Proposed Rulemaking, Statement of Chairman Pai, 32 FCC Rcd. 2306, 2331 (2017) (emphasis added). That number has since increased to an estimated 2.5 billion robocalls per month as of October 2017.[2]

18.     In response to these unwanted telephone calls, text messages, and junk faxes, the

---

[2]     *See In the Matter of Advanced Methods to Target and Eliminate Unlawful Robocalls*, Report and Order and Further Notice of Proposed Rulemaking, Statements of Commissioners Clyburn and Rosenworcel, 32 FCC Rcd. 9706, 9756 & 9759 (2017).

4

federal government and numerous states have enacted legislation to combat these widespread telemarketing abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers. … *Banning such automated or prerecorded telephone calls* to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, *is the only effective means of protecting telephone consumers from this nuisance and privacy invasion*.

Pub. L. No. 102-243 §§ 2(6) & (12) (1991), *codified at* 47 U.S.C. § 227 (emphasis added).[3]

19.     As is relevant here, the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service, …" 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1).

20.     For purposes of the TCPA, "[a] text message to a cellular telephone … qualif[ies] as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016) (citation omitted).[4]

21.     "Automatic telephone dialing system" ("ATDS") refers to any equipment that has the "capacity to dial numbers without human intervention[.]" *Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 726 (N.D. Ill. 2011) (*citing In re Rules & Regulations Implementing the*

---

[3]     *See also Zean v. Fairview Health Servs.*, 858 F.3d 520, 522-23 (8th Cir. 2017) ("Recognizing that automated calls are often a nuisance and an invasion of privacy, Congress passed the TCPA to balance individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade.") (internal citations and quotation marks omitted).

[4]     *See also In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Order, 30 FCC Rcd. 12484, 12485, ¶ 3 (2016) (the TCPA's prohibition on robocalls "encompasses both voice and text calls, including short message service (SMS) calls and text calls and text calls made using Internet-to-phone technology, …").

*TCPA of 1991*, 18 FCC Rcd. 14014, 14092, ¶ 132 (2003) ("2003 TCPA Order")).

22.     In 2012, the FCC – the agency tasked with promulgating the implementing regulations of the TCPA – revised its TCPA rules to require *prior express written consent* before initiating a telephone call "that includes or introduces an advertisement or constitutes telemarketing[.]" 47 C.F.R. § 64.1200(a)(2); *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6589, ¶ 37 & fn. 113 (2013) ("Dish Network Ruling").

23.     According to FCC regulations, "*prior express consent*" must (i) be in writing; (ii) be signed by the person providing the consent; (iii) clearly authorize the calling party to use an ATDS or artificial or pre-recorded voice; (iv) specify the telephone number to which the person is consenting to be called; and (v) not be a condition of purchasing any goods or services. *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, FCC Report and Order, 27 FCC Rcd. 1830, 1843, ¶ 32 (2012) ("2012 TCPA Order").

24.     In 2003, the FCC adopted a national do-not-call registry to provide consumers with an option to prohibit unwanted telemarketing solicitations. *2003 TCPA Order* at 14034-35, ¶ 28.

25.     The FCC rules also prohibit any person or entity from initiating a telemarketing solicitation to any "residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). For purposes of this provision of the TCPA, wireless subscribers who are registered on the national do-not-call list are presumed to be "residential subscribers." *2003 TCPA Order* at 14038-39, ¶ 36.

26.     The FCC rules also require telemarketers to maintain a company-specific internal do-not-call list, to immediately record a consumer's do-not-call request, and to cease any further telemarketing calls within thirty days of such request. 47 C.F.R. § 64.1200(d)(3).

Electronically Filed - Jackson - Kansas City - July 30, 2018 - 09:15 PM

27.     The FCC's regulations define "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Whether a call is an "advertisement" depends on the content of the material. *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

28.     "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12). The "telemarketing" inquiry focuses on the purpose of the telephone call or message, rather than its content. *Golan*, 788 F.3d at 820.

29.     The FCC has also made rulings regarding the TCPA's vicarious liability standards as they relate to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 (1995).

30.     The FCC has also clarified that vicarious liability is imposed under federal common law principles of agency for violations of either sections 227(b) or (c) that are committed by third-party telemarketers. *Dish Network Ruling* at 6580 & ¶ 18.

31.     The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which may be trebled where defendant's conduct was done willfully or knowingly. 47 U.S.C. §§ 227(b)(3) and (c)(5).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

32.     Between July 30, 2014 and April 4, 2018, Pizza Bar and/or its agents utilized an ATDS to send text messages to the wireless telephone numbers of Plaintiff and the putative class members.

33.     Specifically, the hardware and software used by Pizza Bar and/or its agents has the capacity to generate and store random numbers, or store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention.

34.     Plaintiff and the putative class never provided prior express consent, in writing or otherwise, for Pizza Bar to send autodialed, advertising, and/or telemarketing text messages to their cellular telephone numbers.

35.     Pizza Bar (i) requires consumers or businesses to provide their telephone numbers as a condition of providing goods and services, (ii) does not advise consumers or businesses it intends to send autodialed, advertising, and/or telemarketing text messages to their cellular telephone number, and (iii) does not obtain prior express consent, written or otherwise, to send autodialed, advertising, and/or telemarketing text messages to the consumer's or business's cellular telephone number.

36.     When Pizza Bar obtains the cellular telephone number of a consumer or business, it adds it to a stored list of numbers to which Pizza Bar and/or its agents repeatedly send autodialed, advertising, and/or telemarketing text messages.

37.     Pizza Bar's text messages are sent with equipment having the capacity to dial numbers without human intervention, the equipment is unattended by human beings, and the equipment does, in fact, send text messages automatically, *i.e.*, without human intervention.

38.     The equipment employed by Pizza Bar and/or its agents not only has the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers) but was programmed to sequentially or randomly access stored telephone numbers to automatically send text messages to those numbers.

39.     The text messages sent by Pizza Bar to Plaintiff and the putative class were made

8

for a commercial purpose in that they contain its brand name and location, they promote specials and events at Pizza Bar, and/or they encourage Plaintiff and the putative class members to visit Pizza Bar with their friends or associates.

40.    Pizza Bar's text messages are advertisements and/or constitute telemarketing as defined by the TCPA.

41.    Not only does Pizza Bar fail to obtain prior express consent before sending such text messages, Pizza Bar's text messages do not provide a way of opting out of future text messages.

42.    Pizza Bar's text messages do not sufficiently identify the name of the individual caller, and do not provide a (working) telephone number[5] or address at which the person or entity may be contacted.

43.    Pizza Bar sent such advertising and/or telemarketing text messages without first establishing written policies or procedures to ensure compliance with the national and/or internal do-not-call rules and regulations, as required by 47 C.F.R. § 64.1200(d), and Pizza Bar failed to train its staff in compliance with any such policies and procedures.[6]

44.    On information and belief, many of Pizza Bar's text messages were sent within 12 months of one or more prior text messages, and Pizza Bar lacks an adequate system for preventing the transmission of numerous automated text messages to the same telephone number.

---

[5]    Pizza Bar's text messages do not provide a telephone number, toll-free or otherwise, for consumers and businesses to call in order to opt out of future text messages. Additionally, if you call the telephone number Pizza Bar used to text Plaintiff's cellular telephone number, you are greeted with repeated beeping tones, indicating that the phone line is no longer in service.

[6]    On May 21, 2018, Plaintiff requested that Pizza Bar provide her attorneys with a copy of any written policies and procedures that Pizza Bar had established and implemented and/or instituted as of (1) August 1, 2014, (2) February 13, 2018, and (3) April 4, 2018, to ensure compliance with the TCPA, but Defendant did not respond to Plaintiff's request.

45.     Pizza Bar is aware that the above-described text messages are being sent to consumers and businesses without their prior express consent, but Pizza Bar willfully continues to send them anyways.

46.     Plaintiff and the putative class members have been substantially damaged by Pizza Bar's repeated text messages[7] – their privacy was invaded; they were annoyed and inconvenienced; the repeated text messages intruded upon their seclusion and interfered with the exclusive use of their property; they were charged out of pocket cellular airtime minutes for the text messages and cellular data for services related to the text message content;[8] the ATDS calls intruded upon and occupied the capacity of the cellular phones of Plaintiff and the class members, depleted and/or reduced the lifespan of their cellular phone batteries,[9] caused Plaintiff and the class members to incur the costs of electricity to recharge their phones;[10] and, on information and belief, Pizza Bar's

---

[7]     *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (allegations of "[u]nsolicited phone calls or text messages … invade the privacy and disturb the solitude of their recipients" and are sufficient to confer Article III standing); *Susinno v. Work Out World Inc.*, 862 F.3d 346 (3rd Cir. 2017) (same);  *Williams v. zZounds Music, L.L.C.*, No. 16-cv-940 (W.D. Mo. Feb. 28, 2017) (same) (*citing Van Patten*); *Hunsinger v. Gordmans, Inc.*, No. 16-cv-162, 2016 WL 7048895 (E.D. Mo. Dec. 5, 2016) (same).

[8]     *See In re Rules Implementing the Tel. Consumer Prot. Act of* 1991, 23 FCC Red. 559, 562, ¶ 7 (2008) ("wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."); *see also Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (recipients are damaged because they are charged "out of pocket" cellular airtime minutes); *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 729 (S.D. Tx. 2012) (Plaintiff's statement that he pays a third-party provider for cellular phone services is sufficient to show that an individual was charged for the calls); *Warnick v. Dish Network LLC*, No. 12-cv-01952 (D. Co. Sep. 30, 2014) ("users of cellular telephone numbers *are indeed charged* for incoming calls, regardless of whether they incur any *additional* charges for such calls.").

[9]     *See e.g.*, Apple Inc., *Battery Servicing and Recycling*, http://www.apple.com/batteries/service-and-recycling ("All rechargeable batteries have a limited lifespan … Your own battery's lifespan will vary depending on how you use your device …").

[10]     *See Mey v. Got Warranty, supra fn. 2*, 193 F. Supp. 3d at 645-47 (Intangible harms include "intrusion upon and occupation of the plaintiff's cell phone. … [and] intrusion upon another person's computerized electronic equipment …" Tangible harms, including the cost of electricity, "[w]hile certainly small, [are] real, and the cumulative effect could be consequential.").

Electronically Filed - Jackson - Kansas City - July 30, 2018 - 09:15 PM

repeated text messages have caused unwanted use, damage and/or depletion of their property, including, but not limited to, a reduction in the lifespan of their LCD screens, speakers, vibration motors, and other hardware and/or electronic components.

<strong>FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF TAYLOR</strong>

47.     At all times relevant hereto, Plaintiff Taylor has paid a third-party provider for cellular telephone service and cellular data service on her personal cellular telephone, which has an area code specific to western Missouri, ending in "5335".

48.     Plaintiff Taylor never provided Pizza Bar with prior express consent, written or otherwise, to send autodialed, advertising, and/or telemarketing text messages to her cellular telephone number.

49.     On multiple occasions, Pizza Bar and/or its agents caused a promotional text message to be sent, automatically and without human intervention, to Plaintiff's cell phone.  The text messages contained Pizza Bar's brand name and location, promoted specials and events at Pizza Bar, and/or encouraged Plaintiff to visit Pizza Bar with her friends or associates.

50.     The text messages sent by Pizza Bar to Plaintiff were made for a commercial purpose and are advertisements and/or constitute telemarketing as defined by the TCPA.

51.     Pizza Bar did not provide Plaintiff and the class members with notice that it intended to send autodialed, advertising, and/or telemarketing text messages to their cellular telephone numbers; and Plaintiff and the class members never provided express consent in writing, or otherwise, for Pizza Bar to send such text messages to their cell phones.

<strong>CLASS ACTION ALLEGATIONS</strong>

52.     Plaintiff restates and incorporates by reference all paragraphs of this Petition, including all subparagraphs thereof.

53.     As to Count I for violation of the TPCA (the "227(b)(1)(A)(iii) Class"), Plaintiff

brings this action on behalf of herself and on behalf of a putative class defined as:

> All persons and entities within the United States to whom Pizza Bar
> (or a third party on Pizza Bar's behalf) sent a text message to their
> cellular or wireless telephone, promoting special pricing or events
> at Pizza Bar, between July 30, 2014 and April 4, 2018.

54.     As to Count II for violation of the TPCA (the "64.1200(d) Class"), Plaintiff brings

this action on behalf of herself and on behalf of a putative class defined as:

> All persons within the United States to whom, between July 30,
> 2014 and April 4, 2018, Pizza Bar (or a third party on Pizza Bar's
> behalf) sent more than one text message promoting special pricing
> or events at Pizza Bar, within any twelve-month period.

55.     Excluded from the above-defined classes are Pizza Bar, any entity in which Pizza

Bar has a controlling interest, Pizza Bar's officers, directors, and employees, Pizza Bar's counsel,

any persons or entities who have previously settled a TCPA claim with Pizza Bar, the Court and

Court personnel, and Plaintiff's counsel.

56.     **Numerosity – Mo. R. Civ. P. 52.08(a)(1); Fed. R. Civ. P. 23(a)(1).**  Plaintiff does

not know how many members are in the putative class but believes them to be in the tens of

thousands, if not more.  On information and belief, the number of class members is so numerous

that their individual joinder is impracticable.  The precise number of putative class members and

their phone numbers can be obtained from information and records in the possession and control

of Pizza Bar or third parties acting on Pizza Bar's behalf.

57.     **Existence and Predominance of Common Questions of Law and Fact – Mo. R.**

**Civ. P. 52.08(a)(2) & 52.08(b)(3); Fed. R. Civ. P. 23(a)(2) & 23(b)(3).**  Common questions of

law or fact exist as to all members within the putative class and predominate over any questions

solely affecting any individual member.  The predominating common legal and factual questions,

each of which may also be certified under Mo. R. Civ. P. 52.08(c)(4) or Fed. R. Civ. P. 23(c)(4),
include the following:

(a)      Whether Pizza Bar and/or its agents used an automatic telephone dialing
system to send text messages;

(b)      Whether the equipment used by Pizza Bar, or a third party on Pizza Bar's
behalf, has the capacity to send text messages automatically, *i.e.*, without
human intervention;

(c)      Whether Pizza Bar's text messages are advertisements;

(d)      Whether Pizza Bar's text messages constitute telemarketing;

(e)      Whether Pizza Bar requires its customers provide their telephone numbers
as a condition of providing goods and services;

(f)      Whether Pizza Bar advised Plaintiff and the class members that it intended
to send autodialed, advertising, and/or telemarketing text messages to their
cellular telephone numbers;

(g)      Whether Pizza Bar obtained the prior express consent, written or otherwise,
to send autodialed, advertising, and/or telemarketing text messages to the
cellular telephone numbers of Plaintiff and the class members;

(h)      Whether Pizza Bar's text messages were sent for an emergency purpose;

(i)      Whether Pizza Bar's text messages were sent willfully or knowingly;

(j)      Whether PBR (i) established and implemented written procedures to
comply with the internal do-not-call rules; (ii) trained its personnel in
procedures established pursuant to the internal do-not-call rules; (iii)
maintained an internal list of telephone numbers PBR may not contact; (iv)

13

employed a version of the internal do-not-call list containing numbers updated no more than 30 days prior to the date any call is made, and (v) maintained records documenting this process; and/or

(k) Whether, and to what extent, class members are entitled to equitable relief, including declaratory relief, a preliminary injunction, and/or permanent injunction.

58. **Typicality – Mo. R. Civ. P. 52.08(a)(3); Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of the putative classes she seeks to represent. The factual and legal bases of Pizza Bar's liability to Plaintiff is the same for all putative class members: (i) Pizza Bar violated the TCPA by using an automatic telephone dialing system to send text messages without obtaining prior express written consent; (ii) Pizza Bar violated the TCPA by sending multiple promotional text messages without complying with the requirements of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

59. **Adequacy of Representation – Mo. R. Civ. P. 52.08(a)(4); Fed. R. Civ. P. 23(a)(4).** Plaintiff will fairly and adequately protect the interests of the putative class members. Plaintiff has no interests that might conflict with the interests of the putative class members. Plaintiff will pursue the claims vigorously, and Plaintiff has retained counsel competent and experienced in TCPA class actions and complex litigation.

60. **Superiority – Mo. R. Civ. P. 52.08(b)(3); Fed. R. Civ. P. 23(b)(3).** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual class members is small compared with the burden and expense that would be entailed by individual litigation of their claims against Pizza Bar. It would thus be virtually impossible for class members, on an individual basis, to

14

Electronically Filed - Jackson - Kansas City - July 30, 2018 - 09:15 PM

obtain effective redress for the wrongs done to them. Furthermore, even if class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## COUNT I
### VIOLATIONS OF THE TCPA: 47 U.S.C. § 227(b)(1)(A)(iii)

61.     Plaintiff restates and incorporates by reference all paragraphs of this Petition, including all subparagraphs thereof.

62.     Pizza Bar and/or its agents employed an ATDS to send non-emergency text messages, automatically and without human intervention, to the cellular or wireless telephones of Plaintiff and the members of 227(b)(1)(A)(iii) Class.

63.     Pizza Bar requested, and obtained, the cellular telephone numbers of Plaintiff and many of the 227(b)(1)(A)(iii) Class members as a condition to providing its goods and services.

64.     Pizza Bar never obtained prior express consent in writing, or otherwise, advising Plaintiff or the members of the 227(b)(1)(A)(iii) Class that it intended to send autodialed, advertising, and/or telemarketing text messages to their cellular or wireless telephones.

65.     As a result of Pizza Bar's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the 227(b)(1)(A)(iii) Class were harmed and are entitled to a minimum of $500 in damages for each unlawful text message.

66.     Plaintiff and the 227(b)(1)(A)(iii) Class are also entitled to an injunction against

Electronically Filed - Jackson - Kansas City - July 30, 2018 - 09:15 PM

future calls.  47 U.S.C. § 227(b)(3).

67.     Pizza Bar's text messages were willful and knowing, in that Pizza Bar knew it was obtaining and storing cellular telephone numbers and employing equipment that would send autodialed, advertising, and/or telemarketing text messages to such numbers; Pizza Bar intended that such equipment would in fact send automated text messages containing its brand name and location, and promoting specials and events at Pizza Bar; and Pizza Bar knew that it had not obtained prior express consent, in writing or otherwise, from Plaintiff or any of the putative class members to send such text messages.

68.     "Willful … means that the violator knew that he was doing the act in question. … A violator need not know that her action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance." *In re Dynasty Mtg., L.L.C.*, 22 FCC Rcd. 9453, 9470 & fn. 86 (May 14, 2007) (citations omitted).

69.     Accordingly, the Court should treble the amount of statutory damages available to Plaintiff and the 227(b)(1)(A)(iii) Class and award $1,500 for each text message sent in violation of the TCPA.

WHEREFORE, Plaintiff, individually and on behalf the 227(b)(1)(A)(iii) Class, seeks $1,500 per violation of the TCPA; a declaration that Pizza Bar's telemarketing methods, acts and practices herein violate the TCPA, 47 U.S.C. § 227, *et seq*.; an injunction prohibiting Pizza Bar from continuing to engage in such unlawful methods, acts, and practices; and attorneys' fees and costs.

## COUNT II
### VIOLATIONS OF THE TCPA: 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)

70.     Plaintiff restates and incorporates by reference all paragraphs of this Petition, including all subparagraphs thereof.

71.     Pizza Bar's text messages were made for a commercial purpose, in that they contain its brand name and location, they promote specials and events at Pizza Bar, and/or they encourage Plaintiff and the putative class members to visit Pizza Bar with their friends or associates.

72.     Pizza Bar sent more than one advertising and/or telemarketing text message within any twelve-month period to Plaintiff and the 64.1200(d) Class even though Pizza Bar did not first institute procedures for initiating telemarketing calls or text messages that meet (or exceed) the following minimum standards:

- Written policies and procedures, available upon demand, for maintaining a do-not-call list;

- Policies and procedures for the training of personnel engaged in any aspect of telemarketing, on the existence and use of the do-not-call list;

- Policies and procedures for the recording of any request not to receive calls, at the time the request is made, including the subscriber's name, if provided, and telephone number, and honoring any such requests within a reasonable time from the date such request is made.

- Policies and procedures for employing a version of the internal do-not-call list containing numbers updated no more than 30 days prior to the date any call is made;

- Policies and procedures for providing the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted; and

- Policies and procedures for maintaining records documenting this process, for a period of not less than 5 years.

73.     On information and belief, Pizza Bar is not a tax-exempt nonprofit organization and is therefore required to comply with the minimum standards set forth in 47 C.F.R. § 64.1200(d). *See* 47 C.F.R. § 64.1200(d)(7).

74.     On May 21, 2018, Plaintiff demanded a copy of Pizza Bar's written policies and

17

procedures for ensuring compliance with the TCPA, but Defendant did not respond to Plaintiff's request.

75.     On information and belief, Pizza Bar did not implement any of the minimum standards required by 47 C.F.R. § 1200(d)(1)-(6).

76.     Pizza Bar's text messages do not sufficiently identify the name of the individual caller, and do not provide a (working) telephone number or address at which the person or entity may be contacted.

77.     As a result of Pizza Bar's conduct and pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the 64.1200(d) Class were harmed and are entitled to a minimum of $500 in damages for each unlawful text message.

78.     Plaintiff and the 64.1200(d) Class are also entitled to an injunction against future calls.  47 U.S.C. § 227(c)(5).

79.     Pizza Bar's text messages were willful and knowing, in that Pizza Bar knew it was sending advertising and/or telemarketing text messages to the cellular telephone numbers of Plaintiff and the class members without first implementing procedures required by 47 C.F.R. § 64.1200(d), but Pizza Bar chose to send such text messages anyways.

80.     "Willful … means that the violator knew that he was doing the act in question. … A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance."  *In re Dynasty Mtg., L.L.C.*, 22 FCC Rcd. 9453, 9470 & fn. 86 (May 14, 2007) (citations omitted).

81.     Accordingly, the Court should treble the amount of statutory damages available to Plaintiff and the 64.1200(d) Class and award $1,500 for each text message sent in violation of the TCPA.

WHEREFORE, Plaintiff, individually and on behalf the 64.1200(d) Class, seeks $1,500 per violation of the TCPA; a declaration that Pizza Bar's telemarketing methods, acts and practices herein violate the TCPA, 47 U.S.C. § 227, *et seq*.; an injunction prohibiting Pizza Bar from continuing to engage in such unlawful methods, acts, and practices; and attorneys' fees and costs.

### Jury Demand

Plaintiff demands a trial by jury of all claims that are so triable.

Dated: July 30, 2018                                Respectfully submitted,

  /s/ Bill Kenney
William C. Kenney     Mo. Bar No. 63001
**Bill Kenney Law Firm, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: *bkenney@billkenneylaw.com*

*and*

Ari N. Rodopoulos     Mo. Bar No. 58777
**Wood Law Firm, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
Email: *ari@woodlaw.com*

*Attorneys for Plaintiff and all others similarly situated*

 

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess  Logoff WJAMESFOLAND

## 1816-CV19883 - MCKENZI TAYLOR V KC VIN, LLC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**01/11/2019** ☐ **Summons Issued-Circuit**
Document ID: 19-SMCC-375, for KC VIN, LLC.

**01/10/2019** ☐ **Alias Summons Requested**
Request for Alias Summons.
**Filed By:** WILLIAM CHARLES KENNEY
**On Behalf Of:** MCKENZI TAYLOR

☐ **Correspondence Sent**
Letter to Attorney for New Alias Request

**01/04/2019** ☐ **Alias Summons Requested**
Request for Alias Summons.
**Filed By:** WILLIAM CHARLES KENNEY
**On Behalf Of:** MCKENZI TAYLOR

**12/31/2018** ☐ **Judge Assigned**
Transfer from Judge David M. Byrn, Division 3, to Judge John Torrence, Division 14, per Administrative Order 2018-147.

**12/10/2018** ☐ **Motion Denied**
**Associated Entries:** 11/30/2018 - **Motion for Continuance** ⊞

☐ **Order**
Order Upon Plaintiff's Motion for Continuance

☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 03/06/2019;  8:30 AM ;  JOHN M. TORRENCE;  Jackson - Kansas City

☐ **Order After Case Mgmt Conf**

**12/06/2018** ☐ **Case Mgmt Conf Held**
**Scheduled For:** 12/06/2018;  1:30 PM ;  DAVID MICHAEL BYRN;  Jackson - Kansas City

**11/30/2018** ☐ **Motion for Continuance**
Motion for Continuance of Case Management Conference; Proposed Order for Continuance of CMC.
**Filed By:** WILLIAM CHARLES KENNEY
**On Behalf Of:** MCKENZI TAYLOR
**Associated Entries:** 12/10/2018 - Motion Denied

**08/06/2018** ☐ **Correspondence Sent**
Mailed Copy of Notice and Petition to Attorney General by First Class Mail on August 6, 2018

☐ **Summons Issued-Circuit**

Document ID: 18-SMCC-7988, for KC VIN, LLC.

☐ **Case Mgmt Conf Scheduled**
    **Associated Entries: 12/06/2018 - Case Mgmt Conf Held**
    **Scheduled For:** 12/06/2018;  1:30 PM ;  DAVID MICHAEL BYRN;  Jackson - Kansas City

☐ **Hearing/Trial Cancelled**
    **Scheduled For:** 12/06/2018;  1:30 PM ;  DAVID MICHAEL BYRN;  Jackson - Kansas City

☐ **Hearing Scheduled**
    **Associated Entries: 08/06/2018 - Hearing/Trial Cancelled**
    **Scheduled For:** 12/06/2018;  1:30 PM;  DAVID MICHAEL BYRN;  Jackson - Kansas City

**07/30/2018** ☐ **Request for Jury Trial Filed**
    **Filed By:** WILLIAM CHARLES KENNEY

☐ **Judge Assigned**

☐ **Filing Info Sheet eFiling**
    **Filed By:** WILLIAM CHARLES KENNEY

☐ **Summ Req-Circuit Pers Serv**
    Request for Service.
    **Filed By:** WILLIAM CHARLES KENNEY

☐ **Pet Filed in Circuit Ct**
    Class Action Petition for Damages.
    **On Behalf Of:** MCKENZI TAYLOR



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Keith Hudolin<br>The Cordish Company<br>601 E Pratt St<br>Ste 600<br>Baltimore, MD 21202-3118 |
| **Electronic copy provided to:** | Allison Varlan<br>Will Scrivener |

| | |
|---|---|
| **Entity:** | KC Vin, LLC<br>Entity ID Number  2802013 |
| **Entity Served:** | KC Vin, LLC d/b/a Pizza Bar |
| **Title of Action:** | McKenzi Taylor vs. KC Vin, LLC d/b/a Pizza Bar |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Jackson County Circuit Court , MS |
| **Case/Reference No:** | 1816-CV19883 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 01/17/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bill Kenney<br>816-842-2455 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 1816-CV19883 |
|---|---|
| Plaintiff/Petitioner:<br>MCKENZI TAYLOR | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM CHARLES KENNEY<br>1100 Main Street<br>SUITE 1800 |
| vs. | KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>KC VIN, LLC<br>DBA: PIZZA BAR | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** KC VIN, LLC
DBA: PIZZA BAR
R/A CSC-LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO 65101



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>11-JAN-2019</u>
Date

_____ Clerk

Further Information:

---

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

_(Seal)_          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                   Date                                    Notary Public

---

**Sheriff's Fees**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

---

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 19-SMCC-375** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00110-DGK   Document 1-1   Filed 02/14/19   Page 23 of 33

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Electronically Filed - Jackson - Kansas City - July 30, 2018 - 09:15 PM

**IN THE 16ᵀᴴ JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| **MCKENZI TAYLOR, individually and**<br>**on behalf of all others similarly situated,** | |
| *Plaintiff,* | **Case No.:** |
| **vs.** | |
| **KC VIN, LLC**<br>**d/b/a PIZZA BAR** | **Division:** |
| *Defendant.* | |

## SERVICE INSTRUCTIONS

**TO:   CLERK OF THE COURT**

Plaintiff requests that the Clerk of the Court prepare a summons for Defendant in the above-caption cause of action, so that the Cole County Sheriff's Office can serve Defendant's Registered Agent as follows:

KC VIN, LLC
R/A: CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

Dated: July 30, 2018

Respectfully submitted,

_/s/ Bill Kenney_____
William C. Kenney     Mo. Bar No. 63001
**BILL KENNEY LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: _bkenney@billkenneylaw.com_

_and_

Ari N. Rodopoulos     Mo. Bar No. 58777
**WOOD LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
Email: _ari@woodlaw.com_

_Attorneys for Plaintiff and all others
similarly situated_

## CERTIFICATE OF SERVICE

I hereby certify that, on July 30, 2018, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record, with a copy to be served on Defendant's registered agent with the summons and Petition.

_/s/ Bill Kenney_____
William C. Kenney

2



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>DAVID MICHAEL BYRN | Case Number: 1816-CV19883 |
|---|---|
| Plaintiff/Petitioner:<br>MCKENZI TAYLOR | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM CHARLES KENNEY<br>1100 Main Street<br>SUITE 1800<br>KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent:<br>KC VIN, LLC<br>DBA: PIZZA BAR | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: KC VIN, LLC
DBA: PIZZA BAR

R/A CSC-LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

## PRIVATE PROCESS SERVER



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06-AUG-2018
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis, MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____           _____
                                    Date                              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-7988** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00110-DGK   Document 1-1   Filed 02/14/19   Page 27 of 33

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

# IN THE 16TH JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**MCKENZI TAYLOR, individually and
on behalf of all others similarly situated,**

                     *Plaintiff,*

**vs.**

**KC VIN, LLC
d/b/a PIZZA BAR**

                     *Defendant.*

Case No.:  **1816-CV19883**

Division:  **14**

## REQUEST FOR ALIAS SUMMONS

**TO:   CLERK OF THE COURT**

      Plaintiff requests that the Clerk of the Court issue an alias summons for Defendant in the

above-captioned cause of action, so that the Cole County Sheriff's Office can serve Defendant's

Registered Agent as follows:

      KANSAS CITY LIVE, LLC
      R/A: CSC-Lawyers Incorporating Service Company
      221 Bolivar Street
      Jefferson City, MO 65101

Dated: January 4, 2018

Respectfully submitted,

*/s/ Bill Kenney*
William C. Kenney    Mo. Bar No. 63001
**BILL KENNEY LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: *bkenney@billkenneylaw.com*

*Attorneys for Plaintiff and all others
similarly situated*

## CERTIFICATE OF SERVICE

    I hereby certify that, on January 4, 2019, the foregoing document was electronically filed

with the Court's Electronic Filing System and will be served electronically on all registered

attorneys of record, with a copy to be served on Defendant's registered agent with the summons

and all pleadings.

                                       */s/ Bill Kenney*
                                       William C. Kenney

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ AT KANSAS CITY    ☐ AT INDEPENDENCE

**RE:**    MCKENZI TAYLOR V KC VIN, LLC
**CASE NO:**    1816-CV19883

**TO:**    **WILLIAM CHARLES KENNEY**
     **1100 Main Street**
     **SUITE 1800**
     **KANSAS CITY, MO 64105**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>January 4, 2019</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:**    **Please note that the company listed on your Request for Alias Summons, file stamped on January 4, 2019, is not a party to this case. Before your case can be processed further you will need to eFile a new Request that indicates the correct name of the party who will be served.**
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed JANUARY 10, 2019 to:

         **COURT ADMINISTRATOR'S OFFICE**
         **DEPARTMENT OF CIVIL RECORDS**
         **CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| **JANUARY 10, 2019** | By _____ |
| **Date** | **Peggy Holley, 816-881-6491** |
| | **Deputy Court Administrator** |

☒ **415 East 12th St., Kansas City, Missouri 64106**
☐ **308 W. Kansas, Independence, Missouri 64050**

Case no. 1816-CV19883      Page 1 of 1      DMSLCI5 (8/2014)

Case 4:19-cv-00110-DGK    Document 1-1    Filed 02/14/19    Page 31 of 33.

Electronically Filed - Jackson - Kansas City - January 10, 2019 - 03:34 PM

**IN THE 16TH JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

**MCKENZI TAYLOR, individually and
on behalf of all others similarly situated,**

                    *Plaintiff,*

**vs.**

**KC VIN, LLC
d/b/a PIZZA BAR**

                    *Defendant.*

**Case No.:  1816-CV19883**

**Division:  14**

### REQUEST FOR ALIAS SUMMONS

**TO:  CLERK OF THE COURT**

      Plaintiff requests that the Clerk of the Court issue an alias summons for Defendant in the

above-captioned cause of action, so that the Cole County Sheriff's Office can serve Defendant's

Registered Agent as follows:

      KC VIN, LLC
      R/A: CSC-Lawyers Incorporating Service Company
      221 Bolivar Street
      Jefferson City, MO 65101

Dated: January 10, 2018

Respectfully submitted,

 _/s/ Bill Kenney_____
William C. Kenney     Mo. Bar No. 63001
**BILL KENNEY LAW FIRM, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: _bkenney@billkenneylaw.com_

_Attorneys for Plaintiff and all others_
_similarly situated_

## CERTIFICATE OF SERVICE

I hereby certify that, on January 10, 2019, the foregoing document was electronically filed

with the Court's Electronic Filing System and will be served electronically on all registered

attorneys of record, with a copy to be served on Defendant's registered agent with the summons

and all pleadings.

 _/s/ Bill Kenney_____
William C. Kenney

2